UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE NO. 1, JANE DOE NO. 2, and JANE DOE NO. 3, <br><br> Plaintiffs, <br><br> v. <br><br> BACKPAGE.COM, LLC, CARL FERRER, MICHAEL LACEY, and JAMES LARKIN, <br><br> Defendants. | C.A. No. 17-cv-11069-PBS |

NOTICE OF RELATED CASE
AND RESPONSE OF BACKPAGE.COM, LLC,
CARL FERRER, AND JAMES LARKIN
TO JUNE 12, 2017 NOTICE

Defendants Backpage.com, LLC, Carl Ferrer, and James Larkin ("Defendants") hereby respond to the Court's June 12, 2017 Notice, and also notify the Court of another case that is related to this action.

Response to June 12, 2017 Notice.  In light of the Court's determination that its impartiality might reasonably be questioned pursuant to 28 U.S.C. § 455(a), Defendants respectfully elect not to waive their objections pursuant to 28 USC § 455(e).

Notice of Related Case.  For purposes of reassignment, Defendants hereby notify the Court of the existence of a case that is related to this action, *Doe v. Backpage.com*, LLC, No. 14-13870-RGS. In that case, as here, plaintiffs brought suit against Backpage.com, LLC, alleging they had been victimized because of advertisements that third parties posted about them on the Backpage.com website. As in this case, the plaintiffs in *Doe* asserted civil claims under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 USC § 1595; the

Massachusetts Anti-Human Trafficking and Victim Protection Act ("MATA"), Mass. Gen. Laws c. 265, § 50(d); and Mass. Gen. Laws c. 93A. After extensive briefing and argument, Judge Stearns granted dismissal and issued a thorough opinion holding that Backpage.com was entitled to immunity under Section 230 of the Communications Decency Act, 47 U.S.C. § 230 ("Section 230"), which immunizes websites such as Backpage.com from civil claims based on third-party content. *See Doe v. Backpage.com, LLC*, 104 F. Supp. 3d 149 (D. Mass. 2015). The First Circuit affirmed, *Jane Doe No. 1 v. Backpage.com, LLC*, 817 F.3d 12 (1st Cir. 2016), and on January 9, 2017, the Supreme Court denied *certiorari*, 137 S. Ct. 622.

Under Local Rule 40.1(G), a "civil case is related to one previously filed in this court if some or all of the parties are the same and if one or more of the following similarities exist" as well: "the cases involve" (1) "the same or similar claims or defenses"; (2) "the same property, transaction, or event"; (3) "insurance coverage for the same property, transaction, or event"; or (4) "substantially the same questions of fact and law." This case and *Doe* are related because both are brought against Backpage.com, LLC, they both involve identical claims and the same

Section 230 defense, and they present "substantially the same questions of fact and law."

Accordingly, this action should be assigned to Judge Stearns.

Respectfully submitted,

BACKPAGE.COM, LLC, CARL FERRER, and JAMES LARKIN

By their attorneys,

s/      *Jeffrey J. Pyle*
Robert A. Bertsche (BBO #554333)
Jeffrey J. Pyle (BBO #647438)
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
(617) 456-8143 (tel.); (617) 456-8100 (fax)
rbertsche@PrinceLobel.com
jpyle@PrinceLobel.com


Of counsel:

James C. Grant
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101
(206) 622-3150 (tel.); (206) 757-7700 (fax)
jimgrant@dwt.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2017, the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and by first-class mail to any non-registered participants.

/s/      *Jeffrey J. Pyle*
Jeffrey J. Pyle

iManageDB1\099998\000143\2732949.v1-6/23/17