UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JANE DOE NO. 1, JANE DOE NO. 2, and JANE DOE NO. 3,<br><br>Plaintiffs,<br><br>v.<br><br>BACKPAGE.COM, LLC, CARL FERRER, MICHAEL LACEY, and JAMES LARKIN,<br><br>Defendants. | Docket No. C.A. 17-cv-11069-PBS |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' NOTICE OF RELATED CASE**

Plaintiffs respectfully disagree with Defendants Backpage.com, LLC, Carl Ferrer, and James Larkin (the "Defendants") concerning the application to this action of the related case rule set forth under Local Rule 40.1(G). Because the prior action was closed more than two years prior to the commencement of this action, this action and the prior action are not related cases under the rule.[1]

Although Defendants are correct that Local Rule 40.1(G) dictates that cases are to be considered "related" to prior cases if certain specific criteria are met, Local Rule 40.1(G) is explicitly limited: "[t]his rule shall not apply if more than two (2) years have elapsed since the closing of the previous [and otherwise related] action." *Doe v. Backpage.com, LLC*, 204 F. Supp. 3d 149 (D. Mass. 2015)—the case which the Defendants claim is related to this present action—

---

[1] Plaintiffs note that they do not agree that the related case rule is triggered here on the grounds that this case involves "substantially the same questions of fact and law," however, it is not necessary to engage on those issues because the 2-year limitation written into Local Rule 40(G) is dispositive.

was closed on May 15, 2015.[2] The present action was filed two years and 28 days later, on Monday, June 12, 2017. The filing date occurred after the date that Jane Doe No. 3 reached the age of majority and acquired the legal capacity to become a plaintiff, and that date was after the expiration of two years from the closing date of the prior action. Thus, per the language of Local Rule 40.1(G) cited by the Defendants, *Doe v. Backpage.com, LLC* is not a related case. Accordingly, this case was properly assigned to this Court through the standard assignment process.

          JANE DOE NO. 1, JANE DOE NO. 2, and JANE DOE NO. 3

          Respectfully submitted,

          _/s/ John T. Montgomery_____

          John T. Montgomery (BBO #352220)
          Aaron M. Katz (BBO #662457)
          Christine Ezzell Singer (BBO #681525)
          Jessica L. Soto (BBO #683145)
          Matthew D. LaBrie (BBO #693698)
          ROPES & GRAY LLP
          800 Boylston Street
          Boston, MA 02199
          T: (617) 951-7000
          Email: john.montgomery@ropesgray.com
                 aaron.katz@ropesgray.com
                 christine.singer@ropesgray.com
                 jessica.soto@ropesgray.com
                 matthew.labrie@ropesgray.com

Dated: June 23, 2017

---

[2] *See* Exhibit A (Docket for *Doe v. Backpage.com, LLC*, 204 F. Supp. 3d 149 (D. Mass. 2015))

-3-

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on this 23rd day of June, 2017, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

|  |  |
|---|---|
| Dated:  June 23, 2017 | /s/ John T. Montgomery<br>John T. Montgomery |