UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| Jane Doe No. 1, Jane Doe No. 2, and Jane Doe No. 3<br>Plaintiffs,<br>v.<br>Backpage.com, LLC, Carl Ferrer, Michael Lacey and James Larkin<br>Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 17-11069-LTS |

ORDER ON MOTION TO DISMISS

January 16, 2018

SOROKIN, J.

The Communications Decency Act of 1996 ("CDA"), 47 U.S.C., commands, "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." id. at § 230(c)(1). Defendants, invoking this immunity and Doe v. Backpage.com, LLC, 817 F.3d 12 (1st Cir. 2016), cert. denied, 137 S. Ct. 622 (2017), have sought dismissal of this action (Doc. No. 31). Plaintiffs oppose, inter alia, contending that their complaint plausibly alleges that Defendants are an "information content provider" as defined by the CDA and thus no immunity applies. See 47 U.S.C. § 230(c)(1) (defining "information content provider" as "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet."); see also FTC v. Accusearch, Inc., 570 F.3d 1187, 1197 (10th Cir. 2009) ("[A]n interactive computer service that is also an 'information content provider' of certain content is not immune from liability arising from publication of that content.").

1

Plaintiff Jane Doe. No. 3 alleges "on information and belief, Backpage . . . redrafted the advertisement [submitted to Backpage regarding Jane Doe No. 3] to suggest Jane Doe No. 3 was an adult." Doc. No. 1 at ¶ 78.  The Complaint augments this redrafting allegation by Backpage with other allegations that assert that, as submitted to Backpage.com, the proposed ad of Jane Doe No. 3 described her as a minor. See id. Given the seriousness of the issues at stake for all parties and the express allegation that Defendants or Backpage added content not provided by the proposed advertisement (that Jane Doe No. 3 was an adult), tempered by the general nature of the redrafting allegation made, as it is, on information and belief,[1] the Court concludes Plaintiffs may take some tailored discovery to clarify the redrafting allegation. See Menard v. CSX Transp., Inc., 698 F.3d 40, 44-46 (1st Cir. 2012) (finding that, where allegations are based on "information and belief" and "modest discovery may provide the missing link," "the district court has discretion to allow limited discovery and, if justified, a final amendment of the complaint.").

The parties may take discovery focused on the changes, if any, made by Defendants or their agents in the course of posting advertisements describing or referring to Jane Doe No. 3. The parties shall complete this discovery within sixty days.  Seven days thereafter, the parties shall submit a joint status report.

---

[1] "Upon information and belief" means "based on secondhand information that [the asserting party] believes to be true." Menard v. CSX Transp., Inc., 698 F.3d 40, 44 n.5 (1st Cir. 2012) (quoting Black's Law Dictionary 783 (7th ed. 1999)).

The proceedings are STAYED in all other respects, which stay will lift automatically upon the Court's ruling on the pending motion to dismiss (Doc. No. 31) after this discovery process.

SO ORDERED.

　/s/ Leo T. Sorokin　　　
Leo T. Sorokin
United States District Judge