UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JANE DOE NO. 1, JANE DOE NO. 2, and JANE DOE NO. 3, <br><br> Plaintiffs, <br><br> v. <br><br> BACKPAGE.COM, LLC, CARL FERRER, MICHAEL LACEY, and JAMES LARKIN, <br><br> Defendants. | Docket No. 1:17-cv-11069-LTS |

**[Proposed Joint] PROTECTIVE ORDER**

It is hereby ORDERED:

1. **Purpose.**

Disclosure and discovery activity in this action are likely to involve production of highly sensitive, confidential, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

2. **Scope.**

Commencing on the date of this Order, all materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, responses to interrogatories, deposition testimony and exhibits, and information derived therefrom shall be subject to this Order concerning Protected Information as defined below.  To the extent there are any inconsistencies, this Order supersedes the Protective Order entered in this action on July 24,

2017, ECF No. 28, and the Modified Protective Order entered in this action on January 26, 2018, ECF No. 49. This Order is subject to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts.

3. **Definitions.**

   a) Challenging Party. A Party or Non-Party that challenges the designation of information or items under this Order.

   b) Confidential Information. Confidential Information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by the Producing Party that falls within one or more of the following categories: (1) information prohibited from disclosure by statute; (2) research, technical, operational, commercial, editorial, or financial information that the Party has maintained as confidential; (3) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (4) personnel or employment records of a Non-Party; (5) the identity of any Party proceeding anonymously; (6) any names, email addresses, telephone numbers, or other information from which a person could identify any Non-Party, Party proceeding anonymously or any trafficker described in the Complaint in this action; or (7) home addresses of Parties who are not proceeding anonymously.

   c) Copies. Electronic images, duplicates, extracts, and summaries or descriptions of Documents.

   d) Designating Party. A Party or Non-Party that designates Documents that it produces in disclosures or in discovery as Protected Information.

   e) Documents. All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, responses to interrogatories, deposition testimony and exhibits, and information derived therefrom.

   f) Expert. A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or Outside Counsel to serve as an expert witness or as a consultant in this action.

g) <u>Highly Confidential Information.</u> Highly Confidential Information designated as "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – ATTORNEY'S EYES ONLY" by the Producing Party that falls within one or more of the following categories: (a) medical or health information concerning any individual; (b) highly sensitive personally identifiable information relating to one of the Parties or Non-Parties, including credit card or bank account numbers, Social Security or tax identification numbers, or driver's license numbers; (c) home addresses of Parties proceeding anonymously; and (d) photographs, videos, or other images that are of a graphic sexual nature or depict an individual as nude or partially nude (unless the images first are redacted to obscure the face of any individual appearing in the image and any sexual activity, exposed genitalia, and/or bare female breasts).

h) <u>Non-Party.</u> Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

i) <u>Outside Counsel.</u> Attorneys (and their support staff) who are not employees of a Party to this action but are retained to represent or advise a Party to this action.

j) <u>Party.</u> Any party to this action, including all of its officers, directors, employees, and consultants.

k) <u>Producing Party.</u> A Party or Non-Party that produces Documents in this action.

l) <u>Professional Vendors.</u> Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

m) <u>Protected Information.</u> Any Documents that are designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or as "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – ATTORNEY'S EYES ONLY."

n) <u>Receiving Party.</u> A Party that receives Documents from a Producing Party.

4. **Designation.**

A Party shall designate a Document as Protected Information under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – ATTORNEY'S EYES ONLY" on the Document and on all Copies in a manner that will not interfere with the legibility of the Document, and by making the designation on the deposition record at the time of testimony and on responses to interrogatories, or if such Document is produced in native form or otherwise not susceptible to having words affixed directly, by stamping "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – ATTORNEY'S EYES ONLY" on any accompanying coverpage or slipsheet. The marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – ATTORNEY'S EYES ONLY" shall be applied prior to or at the time that the Documents are produced or disclosed. Applying the marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – ATTORNEY'S EYES ONLY" to a Document does not mean that the Document has any status or protection by statute or otherwise, except to the extent and for the purposes of this Order. Any Copies that are made of any Documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – ATTORNEY'S EYES ONLY" shall also be so marked, except that indices, electronic databases, or lists of Documents that do not contain substantial portions or images of the text of marked Documents and do not otherwise disclose the substance of the Protected Information are not required to be marked.

5. **Depositions or Other Pretrial or Trial Proceedings.**

Deposition testimony and testimony in other pretrial or trial proceedings is protected by this Order if designated as Protected Information on the record at the time the testimony is taken. Such testimony so designated shall be treated as Protected Information pursuant to this Order until fourteen (14) days after delivery of the transcript by the court reporter to any Party or the witness. Within fourteen (14) days after delivery of the transcript, a Designating Party may serve a Notice of Designation to all Parties identifying the specific portions of the transcript that are designated Protected Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. The failure to serve a timely Notice of Designation waives any designation of testimony as Protected Information that was made on the record, unless otherwise ordered by the Court. Alternatively, when it is impractical to identify separately each portion of testimony that is entitled to protection, and it appears that substantial portions of the testimony qualify for protection, a Designating Party may specify on the record that the entire transcript shall be treated as Protected Information.

6. **Protection of Confidential Information.**
    a) <u>General Protections.</u> Protected Information shall not be used or disclosed by the Parties, Outside Counsel, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

    b) <u>Limited Third-Party Disclosures of Documents Designated as Confidential Information.</u> The Parties and Outside Counsel shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)–(9) below, and subject to the Certification requirement described in paragraph 6(d) below. Subject to these requirements, the following categories of person may be allowed to review Confidential Information:

        (1)   Outside Counsel;

(2) <u>Parties and Employees.</u>  Parties and employees of a Party, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3) The Court and its personnel;

(4) <u>Court Reporters and Recorders.</u> Court reporters and recorders engaged for depositions;

(5) <u>Contractors.</u> Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including Professional Vendors;

(6) <u>Consultants and Experts.</u> Consultants, investigators, advisors, or Experts who assist the Parties or Outside Counsel in the preparation and trial of this action;

(7) <u>Witnesses at Depositions.</u>  During their depositions, to witnesses at depositions in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of Documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Protected Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted in this Order.

(8) <u>Author or recipient.</u> The author or recipient of the document (not including a person who received the document in the course of litigation); and

(9) <u>Others by consent.</u> Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

c) <u>Limited Third-Party Disclosures of Documents Designated as Highly Confidential Information.</u> The Parties and Outside Counsel shall not disclose or permit the disclosure of any Highly Confidential Information designated as "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – ATTORNEY'S EYES ONLY" to any third person or entity except as set forth in subparagraphs 6(b)(1) and 6(b)(3)-(9) above.  For the avoidance of doubt, any consultant or Expert assisting the Parties or Outside Counsel in the preparation or trial of this action must complete the Certification described in subparagraph 6(d) below.

d) <u>Certification.</u>  Before any individual or entity enumerated in paragraphs 6(b)(2), 6(b)(5)-(7), 6(b)(9), and/or 6(c) receives any Protected Information, that individual or entity shall complete the Certification contained in Attachment A, Acknowledgment of Understanding and Agreement to be Bound.

e) <u>Control of Documents.</u> Outside Counsel shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Protected Information. Outside Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three (3) years after the termination of the case.

7. **Inadvertent Failure to Designate.**

An inadvertent failure to designate a Document with the appropriate Protected Information category does not, standing alone, waive the right to so designate the Document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony or other pretrial or trial testimony as required by this Order waives any protection for deposition testimony. If a Party adds or changes the Protected Information designation applicable to a Document after it was initially produced, the Receiving Party, on notification of the designation, must make a reasonable effort to assure that the Document is treated in accordance with the provisions of this Order. No Party shall be found to have violated this Order for failing to

maintain the confidentiality of material during a time when that material has not been designated Protected Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Protected Information.

8. **Disclosure of Privileged or Work Product Materials**

The intentional production of privileged or work product materials shall constitute waiver and the terms of Fed. R. Evid. 502(a) shall govern the scope of that waiver. The parties agree that Fed. R. Evid. 502(b) shall govern any inadvertent disclosure(s). Pursuant to Rule 502(b), an inadvertent disclosure shall not operate as a wavier provided that:

a) the disclosure is inadvertent, which the parties agree means "not intentional;"

b) the holder of the privilege or protection took reasonable steps to prevent disclosure; and

c) the holder promptly took reasonable steps to rectify the error, including following Federal Rule of Civil Procedure 26(b)(5)(B).

9. **Clawback of Inadvertently Disclosed Materials**

If the Producing Party notifies the Receiving Party via email or letter that it has inadvertently produced a document that the Producing Party deems either attorney-client privileged or subject to a claim of work product, all copies of the document(s) shall be returned to the Producing Party, sequestered, or destroyed, at the Receiving Party's option, no later than 10 business days from receiving notice. The parties agree that the Producing Party shall notify the Receiving Party in writing of the inadvertent production no more than 3 business days after the discovery that a document that was privileged or subject to a claim of work product was

produced in order to meet the "prompt and reasonable" requirement of Fed. R. Evid. 502(b)(3). If not, the parties agree that the privilege is waived and the document may not be clawed back.

Nothing in this Section nor anywhere else in this Order shall limit the Receiving Party's right to challenge the validity of a claim of privilege or work product.

10. **Filing Protected Information.**

The following procedure shall be used if a Receiving Party wants to file Protected Information with the Court, with all pleading cycles stipulated by the Parties or assigned by the Court to allow wherever possible for such procedure. The Party who wishes to file the pleading, motion, letter, or other filing (the "Filing") shall notify all Parties by letter to Outside Counsel that Protected Information is to be filed with the Court at least fourteen (14) days prior to filing. The Producing Party shall then have seven (7) days in which to consent to the request to file the Protected Information in the public record. If the Producing Party does not agree, the Producing Party shall move to keep papers under seal, and the Protected Information will be filed under seal or redacted, as appropriate, until the Court rules on the motion to seal.

11. **Challenges by a Party to Designation as Protected Information.**

The designation of any Document as Protected Information is subject to challenge by any Party. The following procedure shall apply to any such challenge:

    a) <u>Meet and Confer.</u> A Challenging Party must make any challenge in good faith and must begin the process by providing written notice of each designation it is challenging and describing the basis for each challenge. The Parties shall attempt to resolve each challenge in good faith by conferring directly within seven (7) days of the date of service of the written notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the

designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.

b) <u>Judicial Intervention.</u> A Challenging Party may file and serve a motion that identifies the challenged material and sets forth the basis for the challenge only if it has first engaged in the meet and confer process described in (a) or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. The motion shall be filed within twenty-one (21) days after the service of the written notice. The burden of persuasion in any such challenge proceeding shall be on the Challenging Party. Until the Court rules on the challenge, all Parties shall continue to treat the materials as Protected Information under the terms of this Order. All applications for judicial intervention as to a designation of Protected Information shall be by motion.

12. **Action by the Court.**

Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make orders concerning the disclosure of Documents produced in discovery or their use at trial.

13. **Use of Confidential Information at Trial.**

Nothing in this Order shall be construed to affect the use of any Document at any trial in this action. The Parties and the Court shall address the use of any such Protected Information at trial in this action prior to any trial.

14. **Protected Information Subpoenaed or Ordered Produced in Other Litigation.**

a) If a Receiving Party is served with a subpoena or a court order issued in another litigation or proceeding for disclosure of any material or document designated in this action as Protected Information, the Receiving Party must so notify the Designating Party in writing immediately and in no event more than three (3)

    business days after receiving the subpoena or court order. Such notification must include a copy of the subpoena or court order.

  b) The Receiving Party also must immediately inform in writing the party who caused the subpoena or court order to issue in the other litigation or proceeding that some or all of the material covered by the subpoena or court order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue or obtained a court order of disclosure.

  c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Designating Party in this action an opportunity to seek to protect the Protected Information in the court from which the subpoena or order issued. The Designating Party shall bear the burden and the expense of seeking protection in that court of its Protected Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the Receiving Party has in its possession, custody, or control Protected Information produced by the Producing Party in this action.

15. **Obligations on Conclusion of Litigation.**

  a) <u>Order Continues in Force.</u> Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

  b) <u>Obligations at Conclusion of Litigation.</u> Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all Protected Information under this Order, including Copies, shall be returned to the Producing Party unless: (1) the Protected Information has been offered into evidence or filed without restriction as to disclosure; or (2) the Parties agree to destruction to the extent practicable in lieu of return. Whether the Protected Information is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies

  (by category, where appropriate) all the Protected Information that was returned or destroyed; and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the designated material.

 c) <u>Retention of Work Product and One Set of Filed Documents.</u> Notwithstanding the above requirements to return or destroy Protected Information, Outside Counsel may retain: (1) attorney-work product, including an index that refers or relates to Protected Information, so long as that work product does not duplicate verbatim substantial portions of the Protected Information; and (2) one complete set of all documents filed with the Court, including those filed under seal. Any retained Protected Information shall continue to be protected under this Order. An attorney may use his or her work-product in subsequent litigation provided that its use does not disclose or use Protected Information.

16. **Order Subject to Modification.**

This Order shall be subject to modification for good cause by the Court on its own initiative or on motion of a Party.

17. **Scope of Order.**

This Order does not apply to information that is publicly available, that has been lawfully obtained from third parties other than law enforcement, or that has been filed unsealed or unredacted with the Court, provided, however, that any such information that was previously designated by a producing party as Confidential or Highly Confidential may be designated and treated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – ATTORNEY'S EYES ONLY" under this agreement.  To avoid any doubt, this Order applies to any information subject to an agreement or order limiting disclosure or use in another case or otherwise even if that information was publicly disclosed in violation of that agreement or order.

18. **No Prior Judicial Determination.**

Nothing herein shall be construed or presented as a judicial determination that any Document designated as Protected Information by Outside Counsel or the Parties is entitled to protection until such time as the Court may rule on a specific Document or issue.

19. **Persons Bound.**

This Order shall take effect when entered by the Court and shall be binding upon all Outside Counsel, the Parties, and persons made subject to this Order by its terms.

20. **Stipulation of Irreparable Harm.**

The parties stipulate to a finding of irreparable injury in the event of a breach or imminent likelihood of breach of this Agreement, for purposes of injunctive relief.

21. **Further Relief or Modification.**

Nothing in this Order shall prevent a Party from requesting further relief from the Court regarding the information covered by this Order, and nothing in this Order shall prevent the Court from modifying the Order as the Court deems necessary to comply with the law.

IT IS SO ORDERED.

                                                    /s/ Leo T. Sorokin
                                                  HON. LEO T. SOROKIN
                                                  U.S. DISTRICT JUDGE
                                                  DISTRICT OF MASSACHUSETTS

Dated: February 26, 2018

ATTACHMENT A

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JANE DOE NO. 1, JANE DOE NO. 2, and JANE DOE NO. 3, <br><br> Plaintiffs, <br><br> v. <br><br> BACKPAGE.COM, LLC, CARL FERRER, MICHAEL LACEY, and JAMES LARKIN, <br><br> Defendants. | Docket No. 1:17-cv-11069-LTS |

## ACKNOWLEDGMENT OF UNDERSTANDING

## AND

## AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Massachusetts in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Protected Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Protected Information to any other person, firm, or concern.

-2-

The undersigned acknowledges that a violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Signature: _____

Date: _____

-2-