## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE NO. 1, JANE DOE NO. 2, and JANE DOE NO. 3, <br><br> Plaintiffs, <br><br> v. <br><br> BACKPAGE.COM, LLC, CARL FERRER, MICHAEL LACEY, and JAMES LARKIN, <br><br> Defendants. | Docket No. 1:17-cv-11069-LTS |

## NOTICE OF LEGISLATIVE ACTION

Plaintiffs Jane Doe No. 1, Jane Doe No. 2, and Jane Doe No. 3 ("Plaintiffs") submit this Notice of Legislative Action, and attach a copy of the "Allow States and Victims to Fight Online Sex Trafficking Act of 2017" ("FOSTA"), which was signed into law on April 11, 2018.  Pub. L. No. 115-___, ___ Stat. ___ (2018) (codified at, *inter alia*, 47 U.S.C. § 230).  FOSTA amends, *inter alia*, Section 230(e) of the Communications Decency Act, 47 U.S.C. § 230(e) (the "Amendment"). The Amendment expressly exempts civil actions brought under 18 U.S.C. § 1595 from application of Section 230 (other than subsection 230(c)(2)(A)).  *See* FOSTA § 4(a) (codified at 47 U.S.C. § 230(e)(5)(A)).  The Amendment applies "regardless of whether the conduct alleged occurred, or is alleged to have occurred, before, on, or after such date of enactment."  *Id.* § 4(b). The parties disagree about the Amendment's impact on this matter.

JANE DOE NO. 1, JANE DOE NO. 2,
and JANE DOE NO. 3

Respectfully submitted,


/s/   John T. Montgomery
John T. Montgomery (BBO #352220)
Aaron M. Katz (BBO #662457)
Jessica L. Soto (BBO #683145)
Rebecca C. Ellis (BBO #685729)
Matthew D. LaBrie (BBO #693698)
ROPES & GRAY LLP
800 Boylston Street
Boston, MA  02199
T:  (617) 951-7000
Email:  john.montgomery@ropesgray.com
        aaron.katz@ropesgray.com
        jessica.soto@ropesgray.com
        rebecca.ellis@ropesgray.com
        matthew.labrie@ropesgray.com

Jolene L. Wang (*pro hac vice*)
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY  10036
T:  (212) 596-9000
Email:  jolene.wang@ropesgray.com


Dated:  April 11, 2018

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 11th day of April, 2018, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).


/s/ John T. Montgomery
Dated:  April 11, 2018                         John T. Montgomery

H. R. 1865

# One Hundred Fifteenth Congress
## of the
## United States of America

### AT THE SECOND SESSION

*Begun and held at the City of Washington on Wednesday,
the third day of January, two thousand and eighteen*

# An Act

To amend the Communications Act of 1934 to clarify that section 230 of such
Act does not prohibit the enforcement against providers and users of interactive
computer services of Federal and State criminal and civil law relating to sexual
exploitation of children or sex trafficking, and for other purposes.

*Be it enacted by the Senate and House of Representatives of
the United States of America in Congress assembled,*

**SECTION 1. SHORT TITLE.**

This Act may be cited as the "Allow States and Victims to
Fight Online Sex Trafficking Act of 2017".

**SEC. 2. SENSE OF CONGRESS.**

It is the sense of Congress that—
    (1) section 230 of the Communications Act of 1934 (47
U.S.C. 230; commonly known as the "Communications Decency
Act of 1996") was never intended to provide legal protection
to websites that unlawfully promote and facilitate prostitution
and websites that facilitate traffickers in advertising the sale
of unlawful sex acts with sex trafficking victims;
    (2) websites that promote and facilitate prostitution have
been reckless in allowing the sale of sex trafficking victims
and have done nothing to prevent the trafficking of children
and victims of force, fraud, and coercion; and
    (3) clarification of such section is warranted to ensure
that such section does not provide such protection to such
websites.

**SEC. 3. PROMOTION OF PROSTITUTION AND RECKLESS DISREGARD
OF SEX TRAFFICKING.**

(a) PROMOTION OF PROSTITUTION.—Chapter 117 of title 18,
United States Code, is amended by inserting after section 2421
the following:

**"§ 2421A. Promotion or facilitation of prostitution and reck-
less disregard of sex trafficking**

"(a) IN GENERAL.—Whoever, using a facility or means of inter-
state or foreign commerce or in or affecting interstate or foreign
commerce, owns, manages, or operates an interactive computer
service (as such term is defined in defined in section 230(f) the
Communications Act of 1934 (47 U.S.C. 230(f))), or conspires or
attempts to do so, with the intent to promote or facilitate the
prostitution of another person shall be fined under this title, impris-
oned for not more than 10 years, or both.

"(b) AGGRAVATED VIOLATION.—Whoever, using a facility or
means of interstate or foreign commerce or in or affecting interstate

H. R. 1865—2

or foreign commerce, owns, manages, or operates an interactive computer service (as such term is defined in section 230(f) the Communications Act of 1934 (47 U.S.C. 230(f))), or conspires or attempts to do so, with the intent to promote or facilitate the prostitution of another person and—

"(1) promotes or facilitates the prostitution of 5 or more persons; or

"(2) acts in reckless disregard of the fact that such conduct contributed to sex trafficking, in violation of 1591(a),

shall be fined under this title, imprisoned for not more than 25 years, or both.

"(c) CIVIL RECOVERY.—Any person injured by reason of a violation of section 2421A(b) may recover damages and reasonable attorneys' fees in an action before any appropriate United States district court.

"(d) MANDATORY RESTITUTION.—Notwithstanding sections 3663 or 3663A and in addition to any other civil or criminal penalties authorized by law, the court shall order restitution for any violation of subsection (b)(2). The scope and nature of such restitution shall be consistent with section 2327(b).

"(e) AFFIRMATIVE DEFENSE.—It shall be an affirmative defense to a charge of violating subsection (a), or subsection (b)(1) where the defendant proves, by a preponderance of the evidence, that the promotion or facilitation of prostitution is legal in the jurisdiction where the promotion or facilitation was targeted.".

(b) TABLE OF CONTENTS.—The table of contents for such chapter is amended by inserting after the item relating to section 2421 the following:

"2421A. Promotion or facilitation of prostitution and reckless disregard of sex trafficking.".

## SEC. 4. ENSURING ABILITY TO ENFORCE FEDERAL AND STATE CRIMINAL AND CIVIL LAW RELATING TO SEX TRAFFICKING.

(a) IN GENERAL.—Section 230(e) of the Communications Act of 1934 (47 U.S.C. 230(e)) is amended by adding at the end the following:

"(5) NO EFFECT ON SEX TRAFFICKING LAW.—Nothing in this section (other than subsection (c)(2)(A)) shall be construed to impair or limit—

"(A) any claim in a civil action brought under section 1595 of title 18, United States Code, if the conduct underlying the claim constitutes a violation of section 1591 of that title;

"(B) any charge in a criminal prosecution brought under State law if the conduct underlying the charge would constitute a violation of section 1591 of title 18, United States Code; or

"(C) any charge in a criminal prosecution brought under State law if the conduct underlying the charge would constitute a violation of section 2421A of title 18, United States Code, and promotion or facilitation of prostitution is illegal in the jurisdiction where the defendant's promotion or facilitation of prostitution was targeted.".

(b) EFFECTIVE DATE.—The amendments made by this section shall take effect on the date of the enactment of this Act, and the amendment made by subsection (a) shall apply regardless of

H. R. 1865—3

whether the conduct alleged occurred, or is alleged to have occurred, before, on, or after such date of enactment.

**SEC. 5. ENSURING FEDERAL LIABILITY FOR PUBLISHING INFORMA-TION DESIGNED TO FACILITATE SEX TRAFFICKING OR OTHERWISE FACILITATING SEX TRAFFICKING.**

Section 1591(e) of title 18, United States Code, is amended—

(1) by redesignating paragraphs (4) and (5) as paragraphs (5) and (6), respectively; and

(2) by inserting after paragraph (3) the following:

"(4) The term 'participation in a venture' means knowingly assisting, supporting, or facilitating a violation of subsection (a)(1).".

**SEC. 6. ACTIONS BY STATE ATTORNEYS GENERAL.**

(a) IN GENERAL.—Section 1595 of title 18, United States Code, is amended by adding at the end the following:

"(d) In any case in which the attorney general of a State has reason to believe that an interest of the residents of that State has been or is threatened or adversely affected by any person who violates section 1591, the attorney general of the State, as parens patriae, may bring a civil action against such person on behalf of the residents of the State in an appropriate district court of the United States to obtain appropriate relief.".

(b) TECHNICAL AND CONFORMING AMENDMENTS.—Section 1595 of title 18, United States Code, is amended—

(1) in subsection (b)(1), by striking "this section" and inserting "subsection (a)"; and

(2) in subsection (c), in the matter preceding paragraph (1), by striking "this section" and inserting "subsection (a)".

**SEC. 7. SAVINGS CLAUSE.**

Nothing in this Act or the amendments made by this Act shall be construed to limit or preempt any civil action or criminal prosecution under Federal law or State law (including State statu-tory law and State common law) filed before or after the day before the date of enactment of this Act that was not limited or preempted by section 230 of the Communications Act of 1934 (47 U.S.C. 230), as such section was in effect on the day before the date of enactment of this Act.

**SEC. 8. GAO STUDY.**

On the date that is 3 years after the date of the enactment of this Act, the Comptroller General of the United States shall conduct a study and submit to the Committees on the Judiciary of the House of Representatives and of the Senate, the Committee on Homeland Security of the House of Representatives, and the Committee on Homeland Security and Governmental Affairs of the Senate, a report which includes the following:

(1) Information on each civil action brought pursuant to section 2421A(c) of title 18, United States Code, that resulted in an award of damages, including the amount claimed, the nature or description of the losses claimed to support the amount claimed, the losses proven, and the nature or descrip-tion of the losses proven to support the amount awarded.

(2) Information on each civil action brought pursuant to section 2421A(c) of title 18, United States Code, that did not result in an award of damages, including—

H. R. 1865—4

(A) the amount claimed and the nature or description of the losses claimed to support the amount claimed; and

(B) whether the case was dismissed, and if the case was dismissed, information describing the reason for the dismissal.

(3) Information on each order of restitution entered pursuant to section 2421A(d) of title 18, United States Code, including—

(A) whether the defendant was a corporation or an individual;

(B) the amount requested by the Government and the justification for, and calculation of, the amount requested, if restitution was requested; and

(C) the amount ordered by the court and the justification for, and calculation of, the amount ordered.

(4) For each defendant convicted of violating section 2421A(b) of title 18, United States Code, that was not ordered to pay restitution—

(A) whether the defendant was a corporation or an individual;

(B) the amount requested by the Government, if restitution was requested; and

(C) information describing the reason that the court did not order restitution.

*Speaker of the House of Representatives.*

*Vice President of the United States and*
*President of the Senate.*