UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE NO. 1, JANE DOE NO. 2, and JANE DOE NO. 3,<br><br>      Plaintiffs,<br><br>    v.<br><br>BACKPAGE.COM, LLC, CARL FERRER, MICHAEL LACEY, and JAMES LARKIN,<br><br>      Defendants. | Docket No. C.A. 17-cv-11069-LTS |

**RESPONSE TO PLAINTIFFS' STATEMENT WITH RESPECT TO
THE COURT'S ORDER OF MAY 16, 2018**

Defendants Michael Lacey and James Larkin hereby respond to Plaintiffs' Statement With Respect to the Court's Order of May 16, 2018 ("Plaintiffs' Statement"). (Doc. No. 79). The purpose of Plaintiffs' Statement is difficult to discern since they purport to make no position on the Motion to Withdraw. *Id*. at 1. They claim to have submitted the Statement "to bring to the Court's attention certain recent developments" that they assert bear on their interest in efficient resolution of this matter (without explaining how that interest would be served), but were not entirely forthcoming with the Court.

They submit as an exhibit the government's reply brief in support of its motion to disqualify Davis Wright Tremaine LLP ("DWT") (along with its exhibits) in *United States v. Lacey*, et al., No. 2:18-cr-422 (D. Ariz.), and acknowledge that the motion "turns largely on issues of criminal procedure not relevant here." Plaintiffs' Statement at 2. To whatever extent submissions in another case have any relevance, if Plaintiffs were serious about bringing "recent developments" to the Court's attention, they would have submitted briefing addressing both

sides of the issue – or, better yet, awaited an actual decision from the court. Plaintiffs also point to a recent hearing transcript from *R.O. ex rel. S.H. v. Medalist Holdings, Inc.*, No. 17-2-04897-1 (Wash. Super Ct., May 23, 2018) (attached as an exhibit to the government's reply brief) in which a Washington state court held that DWT could not continue as counsel for Lacey and Larkin in a civil action, but fail to disclose that the court's action in that case was *sua sponte*, without any motion, briefing or opportunity for argument.

Plaintiffs purported to "submit these materials so that this Court may have the option to consider them in determining whether, or to what extent, DWT may remain as counsel to Defendants Lacey and Larkin in this matter." Plaintiffs' Statement at 3. At this point, Lacey and Larkin will refrain from filling the record with pleadings from other cases, unless this Court requests it. For now, they stand on the positions set forth in the Motion to Withdraw and the May 25, 2018 *in camera* submission in support.

Dated: June 19, 2018

                                                               Respectfully submitted,

                                                               /s/ *Robert Corn-Revere*
Robert Corn-Revere (*pro hac vice*)
*bobcornrevere@dwt.com*
Ronald G. London (*pro hac vice*)
*ronnielondon@dwt.com*
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, DC  20006
Tel:  (202) 973-4225

James C. Grant (*pro hac vice*)
*jimgrant@dwt.com*
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA  98101
Tel:  (206) 622-3150

*/s/ Dan Booth*
Dan Booth (MA Bar No. 672090)
*dbooth@boothsweet.com*
BOOTH SWEET LLP
32R Essex Street #1A
Cambridge, MA 02139
Tel:  (617) 250-8629

*Counsel for Defendants Michael Lacey
and James Larkin*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2018, the foregoing document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and by first-class mail to any non-registered participants.

*/s/ Robert Corn-Revere*
Robert Corn-Revere