### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JANE DOE NO. 1, JANE DOE NO. 2, and JANE DOE NO. 3, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Docket No. C.A. 17-cv-11069-LTS |
| BACKPAGE.COM, LLC, CARL FERRER, MICHAEL LACEY, and JAMES LARKIN, | ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT JAMES LARKIN'S ANSWER TO FIRST AMENDED COMPLAINT**

Defendant James Larkin, by and through counsel, answers the allegations in Plaintiffs' First Amended Complaint, on behalf of himself and no other party. Each allegation not specifically admitted is denied. Answers to allegations in the First Amended Complaint by other Defendants shall be made separately. The paragraph numbers and headings correspond to those in the First Amended Complaint.

### <u>INTRODUCTION</u>

1. This is in part an introductory paragraph to which no answer is required. To the extent an answer is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

2. To the extent that this paragraph characterizes federal court or other litigation no answer is required. To the extent an answer is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

3.      To the extent that this paragraph characterizes legislative documents no answer is required.  To the extent an answer is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

4.      To the extent that this paragraph characterizes legislative documents no answer is required.  To the extent an answer is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

5.      Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

6.      To the extent that this paragraph characterizes Plaintiffs' claims no answer is required.  To the extent an answer is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

## **PARTIES**

7.      Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

8.      Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

9.      Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

10.     This paragraph contains averments pertaining exclusively to a separate Defendant for which no answer is required.  To the extent an answer is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

11.     This paragraph contains averments pertaining exclusively to a separate Defendant for which no answer is required.  To the extent an answer is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

12.     This paragraph contains averments pertaining exclusively to a separate Defendant for which no answer is required.  To the extent an answer is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

13.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

## JURISDICTION AND VENUE

14.     This paragraph contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

15.     This paragraph contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

## FACTS COMMON TO ALL COUNTS

A.     This is a heading to which no response is required.  To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

16.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

17.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment

18.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

19.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

B.      This is a heading to which no response is required.  To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

20.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

21.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

22.     This paragraph contains characterizations of the Senate Report and does not require a response.  To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

23.     This paragraph contains characterizations of the Senate Report and does not require a response.  To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

24.     This paragraph contains characterizations of the Senate Report and does not require a response.  To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

25.     This paragraph contains characterizations of the Senate Report and does not require a response.  To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

26.     To the extent that this paragraph characterizes legislative documents no answer is required.  To the extent an answer is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

27.     This paragraph contains characterizations of the Senate Report and does not require a response.  To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

C.      This is a heading to which no response is required.  To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

28.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

29.     This paragraph contains characterizations of the Senate Report and testimony by a "police investigator" and does not require a response.  To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

30.     This paragraph contains characterizations of the Senate Report and testimony by a "police investigator" and does not require a response.  Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

31.     This paragraph in part contains characterizations of the Senate Report and to that extent does not require a response.  To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

32.     This paragraph in part contains characterizations of the Senate Report and to that extent does not require a response.  To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

33.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

34.     This paragraph in part contains characterizations of the Senate Report and to that extent does not require a response.  To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

35.     This paragraph contains characterizations of the Senate Report and does not require a response.  To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

36.     This paragraph contains characterizations of the Senate Report and does not require a response.  To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

37.     This paragraph contains characterizations of the Senate Report and does not require a response.  To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

38.     This paragraph contains characterizations of the Senate Report and testimony by a "police investigator" and does not require a response.  To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

39.     This paragraph in part contains characterizations of the Senate Report and to that extent does not require a response.  To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

40.     This paragraph in part contains characterizations of the Senate Report and to that extent does not require a response.  To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

41.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

42.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

43.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

44.     This paragraph contains characterizations of the Senate Report and to that extent does not require a response.   To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

45.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

46.     This paragraph contains characterizations of the Senate Report and to that extent does not require a response.   To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

47.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

48.     This paragraph contains characterizations of the Senate Report and to that extent does not require a response.   To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

49.     This paragraph contains characterizations of the Senate Report and to that extent does not require a response.   To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

50.     This paragraph contains characterizations of the Senate Report and testimony by a "police investigator" and does not require a response.   To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

51.     This paragraph contains characterizations of the documents in litigation and to that extent does not require a response.  To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

52.     This paragraph contains characterizations of the Senate Report and to that extent does not require a response.  To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

53.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

54.     This paragraph in part contains characterizations of the Senate Report and to that extent does not require a response.  To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

55.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

D.     This is a heading to which no response is required.  To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

56.     This paragraph in part contains characterizations of the Senate Report and to that extent does not require a response.  To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

57.     This paragraph in part contains characterizations of the Senate Report and to that extent does not require a response.  To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

E.      This is a heading to which no response is required.  To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

58.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

59.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

60.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

61.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

F.      This is a heading to which no response is required.  To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

62.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

63.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

64.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

65.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

66.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

67.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

68.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

G.     This is a heading to which no response is required.  To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

69.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

70.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

71.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

72.     This paragraph in part contains characterizations of the Senate Report and to that extent does not require a response.  To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

73.     This paragraph in part contains characterizations of the Senate Report and to that extent does not require a response.  To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

74.     This paragraph in part contains characterizations of the Senate Report and to that extent does not require a response.  To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

75.     This paragraph in part summarizes characterizations of the Senate Report and to that extent does not require a response.  To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

H.      This is a heading to which no response is required.  To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

76.     This paragraph in part contains characterizations of the Senate Report and to that extent does not require a response.  To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

77.     This paragraph contains characterizations of the Senate Report and to that extent does not require a response.  To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

I.      This is a heading to which no response is required.  To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

78.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

79.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

80.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

81.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

82.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

83.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

84.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

85.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

J.     This is a heading to which no response is required.  To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

86.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

87.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

88.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

89.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

90.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

91.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

92.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

93.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

94.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

95.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

96.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

K.      This is a heading to which no response is required.  To the extent a response is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

97.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

98.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

99.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

100.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

101.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

102.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

103.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

104.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

105.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

106.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

107.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

108.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

109.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

110.     Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

## CLAIMS FOR RELIEF

### COUNT I

111.    Defendant Larkin reasserts each answer contained above and below to the extent necessary to answer Plaintiffs' incorporation by reference.

112.    This paragraph contains conclusions of law to which an answer is not required. To the extent an answer is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

113.    This paragraph contains conclusions of law to which an answer is not required. To the extent an answer is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

114.    This paragraph contains conclusions of law to which an answer is not required. To the extent an answer is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

115.    This paragraph contains conclusions of law to which an answer is not required. To the extent an answer is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

116.    This paragraph contains conclusions of law to which an answer is not required. To the extent an answer is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

117.    This paragraph contains conclusions of law to which an answer is not required. To the extent an answer is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

## COUNT II

118.    James Larkin reasserts each answer contained above and below to the extent necessary to answer Plaintiffs' incorporation by reference.

119.    This paragraph contains conclusions of law to which an answer is not required. To the extent an answer is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

120.    This paragraph contains conclusions of law to which an answer is not required. To the extent an answer is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

121.    This paragraph contains conclusions of law to which an answer is not required. To the extent an answer is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

122.    This paragraph contains conclusions of law to which an answer is not required. To the extent an answer is required, Defendant Larkin, on the advice of counsel, declines to answer based on the Fifth Amendment.

## PRAYER FOR RELIEF

In response to the "WHEREFORE" provision, Defendant Larkin denies that Plaintiffs are entitled to any relief sought in the First Amended Complaint.

## AFFIRMATIVE DEFENSES

1.    Plaintiffs fail to state a claim upon which relief may be granted.

2.    Plaintiffs' claims are barred in whole or in part based on Section 230 of the Communications Decency Act (47 U.S.C. § 230).

3.    Plaintiffs' claims are barred in whole or in part by the First Amendment to the U.S. Constitution and Article XVI of the Massachusetts Declaration of Rights.

4.      Plaintiffs' claims are barred because they pose unreasonable barriers and substantial burdens on interstate commerce, in violation of the Dormant Commerce Clause, set forth in Article 1, Section 8 of the United States Constitution.

5.      Plaintiffs' claims are barred by the doctrine of laches.

6.      Plaintiffs' claims are barred by the doctrine of waiver.

7.      Plaintiffs' claims are barred by the doctrine of estoppel.

8.      Plaintiffs' claims are barred by the doctrine of unclean hands.

9.      Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

10.     Plaintiffs' claims are brought against the wrong parties.

11.     Plaintiffs fail to plead any facts demonstrating that the corporate form of any of the Defendant corporate entities should be pierced or otherwise disregarded.

12.     Plaintiffs are not entitled to relief to the extent that Plaintiffs' purported injuries and damages were not proximately caused by any act or omissions of Defendant Larkin.

13.     Defendant Larkin is not liable for Plaintiffs' alleged damages because Plaintiffs' damages, if any, were proximately caused by the acts and omissions of individuals over whom Defendant Larkin had no control or right of control, including Plaintiffs themselves, their traffickers, and other unknown individuals over whom Defendant Larkin has or had no legal responsibility or control.  Said acts or omissions were superseding and intervening causes, and the proximate cause or causes, of Plaintiffs' alleged injuries.

14.     Defendant Larkin owed no duty of care towards Plaintiffs, and breached no duty of care towards Plaintiffs.

15.     The risk of any injuries or damages purportedly suffered by Plaintiffs was not reasonably foreseeable by Defendant Larkin.

16.     Defendant Larkin did not participate in any venture, agreement, collusion or conspiracy to cause or contribute to Plaintiffs' alleged injuries and damages.

17.     Plaintiffs failed to mitigate their damages.

18.     Any liability apportioned to Defendant Larkin must be diminished proportionately based on the fault of Plaintiffs and third parties, and any liability attributed to Defendant Larkin is several only.

Defendant Larkin continues to investigate the allegations in (and related to) the First Amended Complaint, and therefore reserves the right to assert additional affirmative defenses if they are discovered.

## REQUEST FOR RELIEF

Wherefore, Defendant Larkin prays for judgment:

1.     Dismissing the claims in the First Amended Complaint with prejudice and without costs; and

2.     Awarding such further relief as the Court deems just and equitable.

DEFENDANT LARKIN

By his attorneys,

/s/ *Robert Corn-Revere*
Robert Corn-Revere (*pro hac vice*)
*bobcornrevere@dwt.com*
Ronald G. London (*pro hac vice*)
*ronnielondon@dwt.com*
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, DC  20006
Tel:  (202) 973-4225

James C. Grant (*pro hac vice*)
*jimgrant@dwt.com*
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA  98101
Tel:  (206) 622-3150


*/s/ Dan Booth*
Dan Booth (MA Bar No. 672090)
*dbooth@boothsweet.com*
BOOTH SWEET LLP
32R Essex Street #1A
Cambridge, MA 02139
Tel:  (617) 250-8629

Dated:  July 20, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2018, the foregoing document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and by first-class mail to any non-registered participants.

*/s/ Robert Corn-Revere*
Robert Corn-Revere