UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JANE DOE NO. 1, JANE DOE NO. 2, and JANE DOE NO. 3, ) ) ) ) |  |
| Plaintiff, ) ) |  |
| v. ) ) | Civil No. 17-11069-LTS |
| BACKPAGE.COM, LLC, CARL FERRER, MICHAEL LACEY, and JAMES LARKIN, ) ) ) ) |  |
| Defendants. ) ) |  |

ORDER ON MOTION TO STAY (DOC. NO. 95)

November 30, 2018

SOROKIN, J.

On July 10, 2018, defendants Michael Lacey and James Larkin moved to stay this matter with respect to them. Doc. No. 86. Although they had previously shared representation with the other two defendants, counsel had withdrawn as to defendants Backpage.com, LLC ("Backpage") and Carl Ferrer, who were then unrepresented. See id. at 6 n.1, Doc. No. 99 at 1–2. The Court allowed the stay as to Lacey and Larkin. Doc. No. 89. Backpage and Ferrer, who have obtained new representation, Doc. No. 93, now move to stay the matter with respect to them, Doc. No. 95.

The Trafficking Victims Protection Reauthorization Act ("TVPRA") provides that "[a]ny civil action filed under this section shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." 15 U.S.C. § 1595(b)(1). It further provides that a "'criminal action' includes investigation and prosecution and is pending

until final adjudication in the trial court." Id. § 1595(b)(2). Because this civil action arises under the TVPRA, see Doc. No. 64 ¶ 1, Backpage and Ferrer argue that they are entitled to a stay because "several criminal actions concerning the same occurrences and victims remain pending against" them, Doc. No. 95 ¶ 10. Ferrer and Backpage have both pled guilty to federal criminal charges concerning the occurrences and victims at issue in this matter, and both of their cases remain pending. See United States v. Ferrer, Crim. No. 18-464-SPL (D. Ariz. filed Apr. 5, 2018); United States v. Backpage.com, LLC, Crim. No. 18-465-SPL (D. Ariz. filed Apr. 5, 2018). Both defendants also have state criminal charges pending against them. Doc. No. 95 at 1 n.1. The plaintiffs' opposition does not address 15 U.S.C. § 1595(b) or dispute that it provides for a stay in these circumstances. See generally Doc. No. 96.

Further, it is within this Court's discretion to grant a stay of civil proceedings where there are simultaneous criminal proceedings against the civil defendant. Such discretionary power "should be invoked when the interests of justice counsel in favor of such a course." Microfinancial, Inc. v. Premier Holidays Int'l, Inc., 385 F.3d 72, 78 (1st Cir. 2004). Because civil discovery in this matter could disrupt the ongoing federal and state criminal prosecutions and interfere with Ferrer's Fifth Amendment protection against self-incrimination, justice requires staying this matter during the pendency of those actions.

Given the totality of these circumstances, the Motion to Stay, Doc. No. 95, is ALLOWED, both under 15 U.S.C. § 1595(b) and under this Court's discretion. Defendants

Backpage and Ferrer shall file a status report within 14 days of the conclusion of the criminal proceedings in the trial courts. The Clerk shall administratively close this case.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge