UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JANE DOE NO.1, JANE DOE NO. 2, AND JANE DOE NO. 3, <br><br> Plaintiffs, <br><br> v. <br><br> BACKPAGE.COM, LLC, CARL FERRER, MICHAEL LACEY, and JAMES LARKIN, <br><br> Defendants. | Docket No. 1:17-cv-11069-LTS |

**PLAINTIFFS' OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL**

Plaintiffs Jane Doe No. 1, Jane Doe No. 2, and Jane Doe No. 3 (collectively, "Plaintiffs") hereby oppose the Motion to Withdraw of Davis Wright Tremaine LLP, Dan Booth Law LLC, and Booth Sweet LLP (together, "Movants"). ECF No. 101. This case has been stayed for more than two years in light of the criminal prosecution of Defendants. *See United States v. Lacey*, No. 2:18-cr-422 (D. Ariz.). If Movants are permitted to withdraw as counsel for Michael Lacey and James Larkin (together, "Defendants") without substitute counsel, Plaintiffs could be exposed to further delay in addressing the horrific injuries they have suffered. It was the risk of such delay that prompted Plaintiffs in 2018 to oppose the continued representation of Defendants from which Movants now seek to withdraw. Under the circumstances, therefore, Plaintiffs oppose the Motion to Withdraw until substitute counsel enters an appearance on the Defendants' behalf.[1]

Attorneys who seek to withdraw without substitute counsel must request permission from the Court, and the Court has broad discretion to deny an attorney's motion to withdraw without substitute counsel. *See* LR 83.5.2(c)(1)-(2); *Miller v. Dunn & Phillips, P.C.*, 839 F. Supp. 2d 383,

---
[1] Plaintiffs do not object to Movants' proposed *in camera* review.

385 (D. Mass. 2011) ("[I]n accord with the Local Rule, Defendants' counsel may withdraw only with leave of court, an issue left to its sound discretion." (citing *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 135 (1st Cir. 1985)).  At a minimum, the attorney seeking to withdraw must establish that there is "good cause" for withdrawal.  LR 83.5.2(c)(2).  However, even where good cause exists, the fact that withdrawal will interfere with the opposing party's reasonable expectation to have the case efficiently adjudicated may serve as a basis for denial.  *Miller*, 839 F.Supp.2d at 387.

Here, Movants merely declare that good cause exists, but do not disclose the basis for their Motion to Withdraw.  As a result, Plaintiffs are unable to assess Movants' position.  While Plaintiffs have no basis to question Movants' good faith, it is equally true that Plaintiffs have no assurance that the proposed withdrawal will not prejudice their interests.  Indeed, the motion itself asserts only that withdrawal will not prejudice Defendants Lacey and Larkin.  Defendants have also not provided any assurances that they will secure replacement counsel before the stay is lifted or that they will represent themselves.  If the former, there is ample reason for concern that the process of retaining and educating substitute counsel, if it is deferred until the stay expires, will cause further delay.

Notably, this is not the first time Plaintiffs have expressed concern that Davis Wright Tremaine LLP's ("DWT") legal maneuverings will prejudice Plaintiffs.  In 2018, Plaintiffs filed a statement with the Court expressing their concern that DWT had a conflict of interest that would affect DWT's relationship with Defendants and would later disrupt and delay proceedings in this case.  ECF No. 79.  The Court allowed DWT to continue representing Defendants but cautioned DWT against "substantial delays in the proceedings or extra time in any schedule" as a result of DWT's continued representation of Defendants Lacey and Larkin.  ECF No. 81.  Despite this, Plaintiffs now find themselves in the very situation they predicted in 2018—DWT's representation of Defendants Lacey and Larkin threatens to delay Plaintiffs' case.

Movants offer no explanation for their proposed withdrawal, whether it is related to the conflicts of interest Plaintiffs previously identified or not. They similarly offer no explanation for the timing of their proposed withdrawal, or why they must do so before Defendants have retained substitute counsel. Nor do they offer any assurance that their proposed withdrawal will not be the occasion for delay when the stay is eventually lifted. Surely good cause requires more than the barebones motion Movants offered here.

Plaintiffs already have been prejudiced by the substantial delay caused by the stay, and thus seek to minimize the continuation of that delay. The exploitation Plaintiffs suffered as children posted and sold for sex on Backpage.com, which was owned and operated by Defendants, has significantly hindered Plaintiffs' ability to successfully navigate adulthood. Further, as a result of their repeated rape, Plaintiffs continue to suffer from a variety of health problems, such as insomnia, anxiety, and depression, and have limited housing and employment opportunities. The timely resolution of this case is integral to their livelihood and ability to succeed.

On the record presented, the Court should deny the Motion to Withdraw until Defendants secure substitute counsel, which they have ample time to do before the stay is lifted following the January 2021 criminal trial. Allowing the motion would interfere with the efficient adjudication of Plaintiffs' claims.

-4-

        JANE DOE NO. 1, JANE DOE NO. 2, and
        JANE DOE NO. 3

        Respectfully submitted,


        /s/ John T. Montgomery
        John T. Montgomery (BBO #352220)
        Aaron M. Katz (BBO #662457)
        Jessica L. Soto (BBO #683145)
        Rebecca C. Ellis (BBO #685729)
        ROPES & GRAY LLP
        Prudential Tower
        800 Boylston Street
        Boston, MA  02199
        T: (617) 951-7000
        Email: john.montgomery@ropesgray.com
               aaron.katz@ropesgray.com
               jessica.soto@ropesgray.com
               rebecca.ellis@ropesgray.com

Date: July 31, 2020

## CERTIFICATE OF SERVICE

      I hereby certify that on this 31st day of July, 2020, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Date: July 31, 2020

/s/ John T. Montgomery
John T. Montgomery